IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 21-190 |
| DARNELL WYNN | |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Brendan J. McKenna, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a three-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin; 10 grams or more of a mixture and substance containing detectable amounts of fluorofentanyl, fentanyl, and tramadol; and a quantity of a mixture and substance containing detectable amounts of heroin and fentanyl.<br><br>On or about February 15, 2021 | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(vi), and 841(b)(1)(C) |

FILED
APR 27 2021
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| | | |
|---|---|---|
| Two | Possession of a firearm in furtherance of a drug trafficking crime. | 18 U.S.C. § 924(c)(1)(A)(i) |
| | On or about February 15, 2021 | |
| Three | Possession of a firearm and ammunition by a convicted felon. | 18 U.S.C. § 922(g)(1) |
| | On or about February 15, 2021 | |

## II. ELEMENTS OF THE OFFENSES

**A. As to Count One:**

In order for the crime of possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin; 10 grams or more of a mixture and substance containing detectable amounts of fluorofentanyl, fentanyl, and tramadol; and a quantity of a mixture and substance containing detectable amounts of heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(vi), and 841(b)(1)(C) to be established, the government must prove the following essential elements beyond a reasonable doubt.

1. That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance(s) charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

      3.      That the mixture or substances contained heroin (a Scheduled I controlled substance), fluorofentanyl (an analogue of fentanyl, a Schedule II controlled substance), fentanyl (a Schedule II controlled substance), and/or tramadol (a Schedule IV controlled substance), as charged in the Indictment.

      21 C.F.R. § 1308.12(d); <u>United States v. Gori</u>, 324 F.3d 234, 240 (3d Cir. 2003).

      4.      That the mixture or substance containing a detectable amount of heroin was one hundred (100) grams or more; and/or that the mixture or substance containing a detectable amount of fluorofentanyl was ten (10) grams or more.

      <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

**B. As to Count Two:**

In order for the crime of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

      1.      That the defendant committed the crime of possession with intent to distribute a controlled substance as charged in Count One of the Indictment.

      2.      That the defendant knowingly possessed a firearm in furtherance of this crime.

      Third Circuit Model Criminal Jury Instruction 6.18.924A.

**C. As to Count Three:**

In order for the crime of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

      1.      That the defendant knowingly possessed a firearm and/or ammunition described in Count Three of the Indictment;

      2.      At the time of the charged act, the defendant had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one (1) year;

      3.      At the time of the charged act, the defendant knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one (1) year; and

      4.      The defendant's possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G (modified).

### III. <u>PENALTIES</u>

**A. As to Count One: Possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin; 10 grams or more of a mixture and substance containing detectable amounts of fluorofentanyl, fentanyl, and tramadol; and a quantity of a mixture and substance containing detectable amounts of heroin and fentanyl (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(vi), and 841(b)(1)(C)):**

      1.      A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

      2.      A fine not to exceed $5,000,000.

      3.      A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

      1.      A term of imprisonment of not less than ten (10) years to a maximum of

life.

    2.    A fine not to exceed $8,000,000.

    3.    A term of supervised release of at least eight (8) years.

**B.  As to Count Two: Possession of a firearm in furtherance of drug trafficking (18 U.S.C. § 924(c)(1)(A)(i)):**

    1.    A term of imprisonment of not less than five (5) years, nor more than life imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the drug trafficking crime (18 U.S.C. § 924(c)(1)).

    2.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

    3.    A term of supervised release of not more than five (5) years (18 U.S.C. §§ 3583(b)(1) and 3559(a)(1)).

**C. As to Count Three: Possession of a firearm and ammunition by a convicted felon (18 U.S.C. § 922(g)(1)):**

    1.    A term of imprisonment of not more than ten (10) years. However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

    2.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

    3.    A term of supervised release of not more than three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney


*/s/ Brendan J. McKenna*
BRENDAN J. MCKENNA
Assistant U.S. Attorney
PA ID No. 314315