IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 21-190 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | JUDGE WIEGAND |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| DARNELL WYNN, | ) | ELECTRONICALLY FILED |

**REPLY TO GOVERNMENT RESPONSE TO AMENDED MOTION TO DISMISS**

AND NOW COMES, the Defendant, Darnell Wynn, by and through his counsel, Michael E. Moser, Esquire, filing the within Reply to Government Response to Amended Motion to Dismiss and in support thereof, avers as follows:

**BACKGROUND**

1.      Defendant, Darnell Wynn is charged in a three (3) count Superseding Indictment at Count I with Possession with Intent to Distribute Controlled Substances of in violation of Title 21 U.S.C. §841 and 21 U.S.C. §846, at Count 2 with Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of Title 18 U.S.C. §924( c ), and at Count III with Possession of a Firearm by a Convicted Felon in violation of Title 18 U.S.C. §922(g).

2.      On July 14, 2023, Defendant filed an Amended Motion to Dismiss Indictment and Supporting Brief at ECF#146.

3.      On July 28, 2023, the Government filed a Response to Mr. Wynn's Amended Motion to Dismiss Indictment and Supporting Brief at ECF #154.

1

4.      This Honorable Court has ordered the Mr. Wynn file his Reply to the

Government's Response on or before August 11, 2023.

**REPLY TO GOVERNMENT RESPONSE TO AMENDED
MOTION TO DISMISS**

**A.      MR. WYNN'S FILINGS ASK THIS HONORABLE COURT TO
DISMISS COUNT III OF THE SUPERSEDING INDICTMENT**

5.      The Government's Response suggests that Mr. Wynn's Amended Motion and

Brief ask the Court to "dismiss the Indictment" , and means of such "stray" and "erroneous"

statements, fails to specifically identify which count of the Indictment is the object of Mr.

Wynn's Amended Motion and Brief.

6.      The undersigned's review of Mr. Wynn's Amended Motion and Brief reveals at

least nine (9)  occasions in which Mr. Wynn specifically asks this Honorable Court to dismiss

Count III of the Superseding Indictment.

**B.      MR. WYNN IS NOT CHARGED AT COUNT III OF THE
SUPERSEDING WITH UNLAWFUL POSSESSION OF A
FIREARM DUE TO HIS STATUS OF BEING ON PROBATION OR
UNDER SUPERVISION**

7.      The Government avers that Mr. Wynn is not permitted to possess a firearm

because he was on probation

8.      Count III of the Superseding Indictment reads as follows:

<u>**COUNT THREE**</u>

*The grand jury further charges:*

*On or about February 15, 2021, in the Western District of Pennsylvania, the
defendant, DARNELL WYNN, knowing he had previously been convicted of a crime punishable by
imprisonment for a term exceeding one year, to wit:*

*1.  Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance, on or about October 5, 2017, at Case Number CP-10-CR-0001120-2017, in the Court of Common Pleas, County of Butler, Commonwealth of Pennsylvania;*

*2.  Manufacturing, Creating, Delivering, or Possessing with Intent to Manufacture, Create, or Deliver Controlled Substance, on or about July 14, 2005, at Case Number 05-004488-01-FC, in the Third Judicial Circuit of Michigan, County of Wayne, State of Michigan; and*

*3.  Carrying or Possessing Firearm when Committing or Attempting to Commit Felony, on or about July 14, 2005, at Case Number 05-004488-01-FC, in the Third Judicial Circuit of Michigan, County of Wayne, State of Michigan,*
*did knowingly possess in and affecting interstate commerce, a firearm, namely, a Glock model 22, .40 caliber handgun, bearing serial number BHEP722, and Federal .40 caliber ammunition.*

*In violation of Title 18, United States Code, Section 922(g)(1).*

*SUPERSEDING INDICTMENT AT ECF#50 - FILED 12/28/21*

9.      Count III of the Superseding Indictment specifically charges that Mr. Wynn was not permitted to possess a firearm because of the criminal convictions specifically enumerated in Count III of the Superseding indictment.

10.     Count III of the Superseding Indictment does not charge that Mr. Wynn was not permitted to possess a firearm because he was on probation.

### C.      MR. WYNN IS NOT CHARGED AT COUNT III OF THE SUPERSEDING WITH POSSESSION OF A FIREARM IN FURTHERANCE OF DRUG TRAFFICKING.

11.     The Government, in response to Mr. Wynn's Motion to Dismiss Count III of the Superseding Indictment,  avers that Mr. Wynn is not permitted to possess a firearm in furtherance of drug trafficking**.**

12.     Mr. Wynn has not moved this Honorable Court to Dismiss Count II of the Superseding Indictment, which charges Mr. Wynn with Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of Title 18 U.S.C. §924( c ).

13. Mr. Wynn has challenged the constitutionality of Title 18 U.S.C. §922( g ), not Title 18 U.S.C. §924( c ).

14. Mr. Wynn has not been convicted in this case of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of Title 18 U.S.C. §924( c ), nor has he been convicted of any felony drug offense.

possess a firearm in furtherance of drug trafficking**.**

**D. THE GOVERNMENT FAILS TO SHOW ANY HISTORICAL ANALOGUE FOR DISARMAMENT OF PERSONS CONVICTED OF NON-VIOLENT DRUG OFFENSES OR NON-VIOLENT POSSESSORY FIREARMS OFFENSE.**

15. Per the Government's specific averments at Count III of the Superseding Indictment, the Government alleges that Mr. Wynn's alleged possession of a firearm on February 15, 2021 was unlawful because he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

16. The convictions that are specifically alleged to form the basis of the prohibition as set forth in Count III of the Superseding Indictment are two non-violent drug offenses, and a non-violent possessory firearms offense.

17. Other than a generalized discussion of disarming individuals who are "dangerous", the Government's Response fails to show any historical analogue for disarmament of persons convicted of non-violent drug offenses, and a non-violent possessory firearms offense.

18. The Goverment's response, while discussing a broad notion of danger, fails to identify a tradition of "distinctly similar" founding-era regulations. *Bruen*, 142 S. Ct. at 2130; 2131; *see also Range*, 69 F.4th at 103

**E.    THE GOVERNMENT FAILS TO SHOW ANY HISTORICAL ANALOGUE FOR DISARMAMENT OF PERSONS CONVICTED OF NON-VIOLENT DRUG OFFENSES OR NON-VIOLENT POSSESSORY FIREARMS OFFENSE.**

19.    The Government's Response likewise fails to demonstrate cross-jurisdictional consensus as to the seriousness of the crimes such as Mr. Wynn's offenses that are allegedly a constitutionally permitted basis for his disarmament.

**CONCLUSION**

20.    Mr. Wynn incorporates his Amended Motion to Dismiss and Supporting Brief by reference as though fully repeated herein**.**

21.    *For all of the reasons set forth* in his Amended Motion to Dismiss and Supporting Brief and *in the within* Reply to Government Response to Amended Motion to Dismiss, Mr. Wynn respectfully prays that this Honorable Court dismiss Count III of the Superseding Indictment.

Respectfully submitted,

Dated: August 11, 2023

/s/ Michael E. Moser
Law Office of Michael Moser
2661 Clearview Road - Suite 8
Allison Park, Pennsylvania 15101
(412) 753 0400
mike@moserslaw.com
memoser@comcast.net