IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:21-cr-190-CCW |
| v. | |
| DARNELL WYNN, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Defendant Darnell Wynn is charged by Superseding Indictment with (1) possession with the intent to distribute various quantities of mixtures and substances containing heroin, fluorofentanyl, fentanyl, and tramadol, in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(vi), and 841(b)(1)(C) (Count 1);  (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2);  and (3) possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 3). ECF No. 50.  The charged crimes allegedly occurred on or around February 15, 2021. *Id.*

On June 12, 2023, Mr. Wynn filed nine pretrial motions, which are now pending before the Court. ECF Nos. 124–33.  The government filed its omnibus response on June 26, 2023, ECF No. 139, and the Motions are now ripe for adjudication.[1]  For the reasons that follow, the Court will resolve Mr. Wynn's Motions as follows:

1. The Motion for Leave to File Additional Pretrial Motions, ECF No. 126, will be **DENIED WITHOUT PREJUDICE**;

---

[1] On July 14, 2023, Mr. Wynn filed an Amended Motion to Dismiss Count 3 of the Superseding Indictment, ECF No. 146, which the government responded to on July 28, 2023, ECF No. 154.  Supplemental briefing on that Motion to Dismiss was filed on September 6, 2023.  *See* ECF No. 162.  The Court will resolve the Motion to Dismiss in a separate opinion.

2. The Motion to Compel Production of *Brady* Materials, ECF No. 125, will be **DENIED AS MOOT**;

3. The Motion for Discovery and Proffer of Government's Expert Witness Testimony, ECF No. 127, will be **GRANTED**;

4. The Motion for Early Release of Jencks Material, ECF No. 128, will be **DENIED AS MOOT**;

5. The Motion for Notice Pursuant to Rule 12(b), ECF Nos. 129, 133, will be **DENIED AS MOOT**;

6. The Motion for Notice Pursuant to Rule 404(b), ECF No. 130, will be **DENIED**;

7. The Motion for Disclosure of Promises of Leniency, ECF No. 131, will be **DENIED AS MOOT**;

8. The Motion to Preserve Agents' Rough Notes, ECF No. 132, will be **GRANTED**;

9. The Motion to Suppress Gunshot Residue Test Results, ECF No. 124, will be **DENIED**.

**I.     The Motion for Leave to File Additional Pretrial Motions, ECF No. 126**

In his Motion for Leave to File Additional Pretrial Motions, Mr. Wynn seeks Court permission to file further pretrial motions after defense counsel has had the opportunity to review the "voluminous discovery" in this case and any further discovery that may be produced. ECF No. 126 ¶¶ 2, 5–6. The government responds that the Court should deny the Motion because Mr. Wynn has had sufficient time to review discovery and because the deadline for pretrial motions has now passed. ECF No. 139 at 14–15.

The Court will deny the Motion without prejudice. Federal Rule of Criminal Procedure 12(c) permits district courts to "set a deadline for the parties to make pretrial motions." Fed. R. Crim. P. 12(c)(1). Rule 12(c)(3) further provides that "[i]f a party does not meet the deadline for making a [pretrial] motion, the motion is untimely. But a Court may consider the defense, objection, or request if the party shows good cause."

Here, Mr. Wynn's pretrial motion deadline expired on June 12, 2023. *See* ECF No. 123 (Order granting Mr. Wynn's Thirteenth Motion for Extension of Time to File Pretrial Motions). Because Mr. Wynn has not specified an untimely motion that he wishes to file, let alone shown good cause specific to that motion, his Motion for Leave to File Additional Pretrial Motions will be **DENIED WITHOUT PREJUDICE**.

## II.     The Discovery Motions

### A.     Motion to Compel Production of *Brady* Material, ECF No. 125

In his Motion to Compel Production of *Brady* Materials, Mr. Wynn seeks the disclosure of all material favorable to Mr. Wynn, including impeachment or exculpatory evidence, at least sixty days before trial. ECF No. 125 ¶¶ 4–5, 7. The government responds that it has and will continue to comply with its obligations to disclose materials favorable to Mr. Wynn under *Brady v. Maryland*, 373 U.S. 83 (1963), and related authority. ECF No. 139 at 12–14.

The Court will deny the Motion. In *Brady*, the United States Supreme Court held that due process requires the disclosure of "evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. And in *Giglio v. United States*, the United States Supreme Court "extended its ruling in *Brady* to encompass impeachment evidence relating to the credibility of a government witness." *United States v. Portis*, No. 19-133-7, 2020 U.S. Dist. LEXIS 226975 (W.D. Pa. Dec. 3, 2020) (Horan, J.) (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)). The prosecution has an obligation to disclose *Brady* material "in time for its effective use at trial." *United States v. Beech,* 307 F.R.D. 437, 441–42 (quoting *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983)).

Here, the government has represented that it is aware of its obligations under *Brady/Giglio* and related authority and will continue to comply with those obligations. Furthermore, the Court has not yet set this case for trial but will set a deadline for the disclosure of such materials in its pretrial order, which will be calculated to ensure that Mr. Wynn receives the material in time for its effective use at trial. Accordingly, Mr. Wynn's Motion to Compel Production of *Brady* Materials, ECF No 125, will be **DENIED AS MOOT**.

### B. Motion for Discovery and Proffer of Government's Expert Witness Testimony, ECF No. 127

In his Motion for Discovery and Proffer of Government's Expert Witness Testimony, Mr. Wynn seeks an order compelling the government to disclose, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), certain information regarding anticipated expert testimony. ECF No. 127 ¶¶ 5–8. The government responds that it is aware of its obligations under Rule 16(a)(1)(G) and consents to the Court setting its deadline to comply with those obligations for thirty days before trial. ECF No. 139 at 15–16.

The Court will grant Mr. Wynn's Motion. Under Rule 16(a)(1)(G)(ii), the Court must set a time for the disclosure of expert evidence materials governed by the rule that is "sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Here, the Court has not yet set this case for trial but will set a deadline for the disclosure of materials governed by Rule 16(a)(1)(G) for thirty days before trial. Accordingly, the Court will **GRANT** Mr. Wynn's Motion for Discovery and Proffer of Government's Expert Witness Testimony, ECF No. 127.

### C. Motion for Early Release of Jencks Material, ECF No. 128

In his Motion for Early Release of Jencks Material, Mr. Wynn requests that the government produce materials subject to the Jencks Act before trial. ECF No. 128 ¶ 6. The government

4

responds that it is aware of its obligations under the Jencks Act and intends to make its disclosures five business days before trial is scheduled to begin. ECF No. 139 at 16–17.

The Court will deny the Motion. The Jencks Act provides that, upon motion of the defendant, the government must produce "any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b); *see United States v. Weaver*, 267 F.3d 231, 245 (3d Cir. 2001). Mr. Wynn requests that the Court order the United States to provide such material prior to trial. *Id.* ¶ 9. The Jencks Act, however, does not require that the United States provide this material until after a witness has testified at trial. *See* 18 U.S.C. § 3500(a) (mandating disclosure only after "direct examination in the trial").

Here, although "[t]he government has no obligation to produce Jencks material until the witness has testified," *United States v. Maury*, 695 F.3d 227, 248 (3d Cir. 2012), the government has indicated that it will make its disclosures early—at least five business days before trial. Accordingly, Mr. Wynn's Motion for Early Release of Jencks Material will be **DENIED AS MOOT**. However, the Court encourages, but does not compel, the United States to provide any material that falls within the ambit of the Jencks Act to Mr. Wynn sufficiently in advance of trial to avoid delay. Specifically, pursuant to the Court's typical pretrial order in criminal cases, the government will be encouraged to provide all Jencks Act materials prior to the final pretrial conference.

### D.     Motion for Notice Pursuant to Rule 12(b), ECF Nos. 129, 133

In his Motion for Notice Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, Mr. Wynn seek an order requiring the government "to provide immediate and specific notice to [Mr. Wynn] of any evidence which he may move to suppress." ECF No. 133 at 1. The government

responds that the Motion should be denied as moot because the government has already provided notice of any such evidence through discovery.  ECF No. 139 at 17–18.

The Court will deny the Motion.  Under Rule 12(b)(4)(B), a defendant may "request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16."  Based on the government's representation that it has already complied with the rule during the discovery process, which Mr. Wynn does not dispute, the Court will **DENY AS MOOT** the Motion for Notice Pursuant to Rule 12(b).

E.     **Motion for Notice Pursuant to Rule 404(b), ECF No. 130**

In his Motion for Notice Pursuant to Rule 404(b) of the Federal Rules of Evidence, Mr. Wynn "requests that [the Court] direct the United States to provide immediate and specific notice to [Mr. Wynn] of any evidence [the government] intend[s] to offer under Rule 404(b)."  ECF No. 130 at 1.  The government objects to an order requiring "immediate" notice but does not object to an order requiring notice three weeks prior to trial.  ECF No. 139 at 18.

Rule 404(b)(3) requires a criminal prosecutor to:

> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> (C) do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b).  Because the Court has not yet set this case for trial, Mr. Wynn's request for "immediate" notice is premature.  In its final pretrial order, the Court will set a deadline for disclosures pursuant to Rule 404(b) that is at least three weeks prior to trial.  Accordingly, Mr. Wynn's Motion will be **DENIED**.

F. **Motion for Disclosure of Promises of Leniency and/or Existence of Plea Bargain Agreements, ECF No. 131**

In his Motion for Disclosure of Promises of Leniency and/or Existence of Plea Bargain Agreements, Mr. Wynn seeks evidence regarding plea bargains or other promises of leniency made in exchange for witness testimony, which he would use for impeachment. ECF No. 131 ¶¶ 4–6. The government, in response, acknowledges that such evidence would be appropriate grounds for impeachment and represents that it will comply with Court-imposed deadlines regarding disclosure. The Court has not yet set this case for trial but will set a deadline for the disclosure of such materials in its pretrial order. Accordingly, Mr. Wynn's Motion for Disclosure of Promises of Leniency and/or Existence of Plea Bargain Agreements, ECF No 131, will be **DENIED AS MOOT**.

G. **Motion to Preserve Agents' Rough Notes, ECF No. 132**

In his Motion to Preserve Agents' Rough Notes, Mr. Wynn seeks an order "requiring government agents, state and local law enforcement officers and correctional officers to retain all rough notes and writings made during the investigation of this case." ECF No. 132 at 3. The government responds that such an order is unnecessary because such materials are covered by Mr. Wynn's other Motions—in particular, his Motion for Early Disclosure of Jencks Material. ECF No. 139 at 20–21.

The Court will grant Mr. Wynn's Motion. The Third Circuit requires the United States to retain rough notes and writings. *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983). In *United States v. Vella*, the Third Circuit held that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available" to the defendant under *Brady* or the Jencks Act. 562 F.2d 275, 276 (3d Cir. 1977). In *Ammar*, the Third Circuit expanded the category of what must be retained to include

7

draft reports: "the government must retain . . . both the rough notes and the drafts of reports of its agents to facilitate the district court's determination whether they should be produced." 714 F.2d at 259; *see United States v. Harris*, No. 2:19-cr-313, 2021 U.S. Dist. LEXIS 87629, at *3–6 (W.D. Pa. May 7, 2021) (Horan, J.).

Here, the Court disagrees with the government insofar as it argues that the relief requested by Mr. Wynn is coextensive with the relief requested in other motions. In this Motion, Mr. Wynn requests an order requiring the *preservation* of investigative notes; in others, he requests the *production* of such materials. Because the government has not otherwise contested Mr. Wynn's Motion and because Third Circuit precedent requires the preservation of investigative notes, the Court will **GRANT** Mr. Wynn's Motion.

### III.     The Motion to Suppress Gunshot Residue Test Results, ECF No. 124

In his Motion to Suppress, Mr. Wynn asks the Court to suppress evidence from a gunpowder swab taken pursuant to a search warrant after Mr. Wynn was arrested in connection with a shooting in the City of Butler. ECF No. 124. According to Mr. Wynn, the gunpowder swab warrant was not supported by probable cause. *See id.* The Court will deny the Motion without an evidentiary hearing because a review of the warrant and supporting affidavit establishes probable cause for the gunpowder swab. *See United States v. Hines*, 628 F.3d 101, 105 (3d Cir. 2010) (evidentiary hearing is required only "if the motion is sufficiently specific, non-conjectural, and detailed to enable the court to conclude that (1) the defendant has presented a colorable constitutional claim, and (2) there are disputed issues of material fact that will affect the outcome of the motion to suppress.").

### A. Background Regarding Mr. Wynn's Arrest and the Contested Swab

On February 15, 2021, Magisterial District Judge Kevin O'Donnell issued a warrant for a search "to obtain gun shot [sic] residue swabs from [Mr. Wynn's] hands and person." ECF No. 124-2 at 1. The warrant issued upon an Affidavit of Probable Cause connecting Mr. Wynn to a shooting that occurred earlier that morning in the City of Butler around the intersection of Mitchell Avenue and State Street. *Id.* at 2.

According to the Affidavit, law enforcement arrived on scene after receiving several calls regarding gunshots around 4:00 a.m. *Id.* Officers spoke to several witnesses, two of whom resided at the intersection and saw the incident. *Id.* The first witness, a woman, reported that she saw a male resident of 523 State Street, "fire a gun at a vehicle as it was travel[l]ing down Mitchell Ave." *Id.* The second witness, a man, identified Mr. Wynn as the shooter and reported that he witnessed Mr. Wynn "shooting a gun prior to running into 523 State St." *Id.* The male witness also reported that after Mr. Wynn came back outside, the witness asked Mr. Wynn whether he was okay and told Mr. Wynn that "shooting a gun towards [the witness'] house is not cool." *Id.* Law enforcement also spoke to Mr. Wynn's probation officer, who confirmed that Mr. Wynn resided at 523 State Street. *Id.* After being located, Mr. Wynn denied involvement, prompting the request for a search warrant allowing a gunpowder residue swab. *Id.*

Law enforcement conducted the swab at 11:48 a.m. on February 15, 2021. *Id.* at 4. Testing revealed particles characteristic or indicative of gunshot residue on Mr. Wynn's hands, indicating that he "may have recently handled or discharged a firearm," may have been "in very close proximity to a firearm when it was discharged," or may have "come into contact with gunshot residue that was on another item." ECF No. 124-3 at 1–2.

### B. The Warrant Was Supported by Probable Cause

Mr. Wynn argues that the warrant to search his person for gunshot residue is unsupported by probable cause because none of the eyewitnesses reliably identified Mr. Wynn, and that the warrant is fatally flawed under the Fourth Amendment. The government responds that the Affidavit of Probable Cause established probable cause for the search and that, in the alternative, the search was lawful because (a) officers relied on the warrant in good faith, (b) the swab was a valid search incident to arrest, and (c) exigent circumstances required that officers conduct the swab. *See generally* ECF No. 139. Because the Court finds that the affidavit supplied the requisite probable cause, it need not address the government's alternative arguments.

The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV. Searches made pursuant to a valid warrant are reasonable, and the Fourth Amendment mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV; *United States v. Goldstein*, 914 F.3d 200, 202 (3d Cir. 2019) ("In order for a search to be 'reasonable,' it generally must be conducted pursuant to a search warrant supported by probable cause, unless an exception to the warrant requirement applies."). "In making a probable cause determination, the judge issuing the warrant looks at whether 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Golson*, 743 F.3d 44, 53 (3d Cir. 2014) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "Because probable cause is a 'practical, nontechnical conception,' we are concerned with 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010) (quoting *Gates*, 462 U.S. at 231).

When reviewing a warrant issued by a magistrate, this Court undertakes a deferential review that is limited to determining whether the magistrate "had a 'substantial basis' for concluding that the affidavit supporting the warrant established probable cause." *United States v. Miknevich*, 638 F.3d 178, 181 (3d Cir. 2011) (quoting *Jones*, 994 F.2d at 1054–55).  Doing so, this Court considers only "the facts that were before the [magistrate], i.e., the affidavit, and do[es] not consider information from other portions of the record." *Miknevich*, 638 F.3d at 181–82 (quoting *Jones*, 994 F.2d at 1055).  The "resolution of any doubtful or marginal cases" should be "largely determined by the preference to be accorded to warrant." *Id.* at 182 (quoting *Jones*, 994 F.2d at 1055, 1057–58); *see also United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000) (confining the court's review to "whether the information within the four corners of the affidavit established probable cause").

Here, the Affidavit of Probable Cause adequately supports the issuance of a warrant to swab Mr. Wynn for gunshot residue.  The male eyewitness identified Mr. Wynn as the shooter at the intersection of Mitchell Avenue and State Street, and described interactions with Mr. Wynn soon after the incident.  And although the female witness did not directly identify Mr. Wynn as the shooter, she identified the shooter as a male resident of 523 State Street, which Mr. Wynn's probation officer confirmed was Mr. Wynn's residence.  Under the circumstances, the accounts by two witnesses who resided in the area of the shooting and near Mr. Wynn's own residence were reliable—Mr. Wynn's argument to the contrary is unpersuasive.  Based on those accounts and the corroboration from Mr. Wynn's probation officer, Magisterial District Judge O'Donnell had a substantial basis for finding probable cause that the requested search would reveal evidence of a crime—namely, gunshot residue.  *See Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 790 (3d

Cir. 2000) ("report from a credible eyewitness" was sufficient to establish probable cause); *Gov't of Virgin Islands v. Viust*, 38 F. App'x 783, 787 (3d Cir. 2002).

Because there was a substantial basis for issuing a warrant to swab Mr. Wynn for gunshot residue, the search complied with the Fourth Amendment and the Court will **DENY** Mr. Wynn's Motion to Suppress Gunshot Residue Test Results, ECF No. 124.

IV. **Conclusion**

For the foregoing reasons, it is HEREBY ORDERED that:

1. The Motion for Leave to File Additional Pretrial Motions, ECF No. 126, is **DENIED WITHOUT PREJUDICE**;

2. The Motion to Compel Production of *Brady* Materials, ECF No. 125, is **DENIED AS MOOT**;

3. The Motion for Discovery and Proffer of Government's Expert Witness Testimony, ECF No. 127, is **GRANTED**;

4. The Motion for Early Release of Jencks Material, ECF No. 128, is **DENIED AS MOOT**;

5. The Motion for Notice Pursuant to Rule 12(b), ECF Nos. 129, 133, is **DENIED AS MOOT**;

6. The Motion for Notice Pursuant to Rule 404(b), ECF No. 130, is **DENIED**;

7. The Motion for Disclosure of Promises of Leniency, ECF No. 131, is **DENIED AS MOOT**;

8. The Motion to Preserve Agents' Rough Notes, ECF No. 132, is **GRANTED**;

9. The Motion to Suppress Gunshot Residue Test Results, ECF No. 124, is **DENIED**.

DATED this 15th day of September, 2023.

BY THE COURT:

/s/Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record