IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:21-cr-190-CCW |
| v. | |
| DARNELL WYNN, | |
| Defendant. | |

**OPINION AND ORDER**

Before the Court are several matters relating to Defendant Darnell Wynn's Rule 11(c)(1)(C) plea agreement, ECF No. 177, Ex. 1: Mr. Wynn's pro se Motion for Miscellaneous Relief, ECF No. 193; his Objection to 851 Enhancements, ECF No. 201; and the United States' Motion for Finding a Breach of Plea Agreement, ECF No. 203. In summary, Mr. Wynn seeks to challenge the United States' 851 Information despite language in his plea agreement ostensibly foreclosing him from doing so, and the United States responds that his effort to challenge the 851 Information is a breach of his plea agreement. Having considered Mr. Wynn's challenge to the 851 Information, the Court declines to find that his challenge constitutes a breach of his agreement but concludes that the 851 Information is proper.

**I.      Background**

On November 16, 2023, Mr. Wynn pleaded guilty to Counts One and Two of the Superseding Indictment. ECF No. 178. Count One charged him with possession with intent to distribute heroin, fluorofentanyl, fentanyl, and tramadol, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(vi), and 841(b)(1)(C). ECF No. 50 at 1. Count Two charged him

1

with knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *Id.* at 2.

Before Mr. Wynn's guilty plea, the United States filed an Information to Establish Prior Convictions, under 21 U.S.C. § 851, identifying two prior convictions of Mr. Wynn that constitute serious drug felonies, as defined in 21 U.S.C. § 802(57): specifically, the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance, on or about October 5, 2017, in the Court of Common Pleas of Butler County, Pennsylvania; and the crime of Manufacturing, Creating, Delivering, or Possessing with Intent to Manufacture, Create, or Deliver Controlled Substance, on or about July 14, 2005, in the Third Judicial Circuit of Michigan, County of Wayne, State of Michigan. ECF Nos. 50 at 4; 52. The 851 Information further represented that each of these convictions had become final, that Mr. Wynn had served a term of imprisonment of more than 12 months on each, and that he was released from each within 15 years of the commencement of the offense charged in the Superseding Indictment, i.e. Count One. *Id.* Therefore, the United States asserted that the enhanced sentencing provisions in 21 U.S.C. § 841(b) apply to Mr. Wynn. ECF No. 52 at 2.

In the parties' Rule 11(c)(1)(C) plea agreement, they stipulated to a 10-year sentence of imprisonment at Count One and a 5-year sentence at Count Two, to run consecutively, for a total of 15 years of imprisonment. ECF No. 177, Ex. 1 at ¶ C.6. The parties further agreed to the following relevant provisions:

> A.9. Darnell Wynn understands that the United States Attorney reserves the right to file an information, pursuant to 21 U.S.C. § 851, stating prior convictions as a basis for increased punishment.
>
> C.5. The parties stipulate that Darnell Wynn committed the offense in Count One of the Superseding Indictment after a prior conviction for a serious drug felony, as defined in 21 U.S.C. § 802(57), became final. This stipulation is not binding on the Court and does not

2

> preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.
>
> C.10. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at is discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.
>
> Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

ECF No. 177, Ex. 1.  Mr. Wynn was represented by counsel through October 26, 2023, when he requested, and was authorized, to proceed pro se.  At that time, the Court appointed his counsel as standby counsel.  ECF Nos. 172, 173.  Mr. Wynn's standby counsel was present for the change of plea hearing.

On April 3, 2024, Mr. Wynn filed a pro se Motion for Miscellaneous Relief, asserting that he "was not adequately informed and aware of the relevant circumstances surrounding the entering of [his] plea" and indicating that he believed pleading guilty "would definitely result in the dismissal of… enhancements of any kind." ECF No. 193 at 1–2.  On April 8, 2024, Mr. Wynn filed an Objection to the 851 Enhancements, arguing that his 2017 conviction was not a qualifying predicate offense because he did not serve more than 12 months of imprisonment and that his 2005 conviction, while perhaps technically qualifying, was too remote to fairly serve as the basis for an increase in punishment.  ECF No. 201.  On April 12, 2024, the United States filed a Motion for a Finding for Breach of Plea Agreement, asking the Court to find that Mr. Wynn breached the plea

3

agreement by challenging the 851 Information. ECF No. 203. On May 15, 2024, the Court held a hearing to address Mr. Wynn's two filings and whether they constitute a breach of the plea agreement. ECF No. 208. At the hearing, the Court gave both parties the opportunity to present additional evidence as to both Mr. Wynn's challenge to the 851 Information, and as to the United States' Motion for Finding of Breach of Plea Agreement. ECF No. 216 at 17:3–5, 19:19–23:6, 33:5–14. Both parties presented further argument, and the United States offered into evidence a Sentence Summary from the Pennsylvania Department of Corrections and a Notice of Electronic Filing of the 851 Information. ECF No. 208, Ex. 1. The parties have fully briefed the Motions, which are ripe for adjudication.

## II.     Legal Analysis

### A.     The Court Finds that the 851 Information is Proper

Pursuant to § 841(b), the United States may seek enhanced penalties if the defendant has a prior conviction for a serious drug offense. 21 U.S.C. § 841(b)(1)(B). Where the United States intends to seek these enhanced penalties, it must first file an information identifying the prior conviction. 21 U.S.C. § 851. Here, the United States filed an 851 Information, alleging that Mr. Wynn has two previous convictions—the 2005 Michigan conviction and the 2017 Pennsylvania conviction—that each qualify as a "serious drug felony" as defined in 21 U.S.C. § 802(57). ECF No. 52. To qualify as a "serious drug felony" under § 802(57), the defendant must have (i) committed a "serious drug offense" as described in 18 U.S.C. § 924(e)(2), (ii) for which he served more than 12 months in prison, and (iii) that he was released from any term of imprisonment within 15 years of the start of the instant offense. 21 U.S.C. § 802(57).

A "serious drug offense" under § 924(e)(2) is defined as

> (i) an offense under the [federal] Controlled Substances Act (21 U.S.C. 801 et seq.) . . . or
>
> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(2)(A).

Here, the Court finds that the 851 Information is proper and that the 2005 Michigan conviction and the 2017 Pennsylvania conviction qualify as serious drug felonies. ECF No. 52. Regarding the 2005 conviction, Mr. Wynn does not challenge any of the elements qualifying the offense as a "serious drug felony" under § 802(57). ECF No. 201. At the hearing, the Court expressly asked Mr. Wynn if he was challenging that he "served a term of imprisonment of more than 12 months" or that he was "released from the sentence on that prior Michigan offense within 15 years of the commencement of [the] current federal offense." ECF No. 216 at 15:2–12. Mr. Wynn confirmed that he was not challenging either of these elements and was only challenging the fairness of using such an old conviction as a basis to increase his punishment for the instant offense. *Id.* As confirmation that the 2005 Michigan conviction qualifies as a serious drug felony, the United States presented the Judgment of Sentence Commitment to the Department of Corrections, which shows that Mr. Wynn was sentenced to a minimum of 4.5 years and that his sentence began on August 5, 2005. ECF Nos. 205, Ex. 2; 208, Ex. 1. Mr. Wynn's Presentence Investigation Report represents that he was released from the Michigan sentence on February 2, 2010, ECF No. 186 ¶ 57, which is within fifteen years of the offense date for Count One of his current Superseding Indictment, which is February 15, 2021. ECF No. 50. In light of Mr. Wynn's acknowledgement and the record evidence, the Court concludes that the Michigan conviction is a

qualifying predicate conviction that is properly included in the 851 Information.  Mr. Wynn's fairness concern does not negate its status as a qualifying conviction.

Regarding the 2017 Pennsylvania conviction, the only element Mr. Wynn contests is that he served more than 12 months in prison.  ECF No. 216 at 16:11–16.  At the hearing, the Court expressly asked Mr. Wynn if he was challenging that he "served a term of imprisonment of more than 12 months" or that he was "released from the sentence on the Pennsylvania offense within 15 years of the commencement of [the] current federal offense."  ECF No. 216 at 16:11–17:2.  In response, Mr. Wynn indicated that he was contesting that he served more than 12 months in prison but not that he was released within 15 years.  *Id.*  With respect to the length of his prison term, Mr. Wynn acknowledges that he was initially sentenced to a term of 18-36 months, but then received a reduced term of imprisonment of 13 months.  ECF No. 216 at 17:11–19.  He argues, however, that he only had to serve six months of that term in prison because he had already served nine months prior to sentencing.  *Id.*

In response, the United States contends that Mr. Wynn did serve more than 12 months in prison.  Based on the Pennsylvania Sentencing Order, the United States agrees that Mr. Wynn was initially sentenced to 18-36 months and then the sentence was reduced to 13.5 months.  ECF No. 205, Ex. 1;  216 at 19:23–23:6.  It further acknowledges that Mr. Wynn served some of his 13.5-month sentence in pretrial detention in a state correctional institution.  ECF No. 216 at 19:23–23:6.  The United States, however, asserts that it is immaterial whether Mr. Wynn served a portion of his 13.5-month sentence prior to sentencing or in a state correctional institution as opposed to a federal one because § 802(57) does not impose such requirements.  *Id.*

The Court agrees with the United States that Mr. Wynn's 2017 Pennsylvania conviction qualifies as a serious drug felony under § 802(57).  First, Mr. Wynn was sentenced on November

6

2, 2017 and the case was closed on August 31, 2022, so he was released from imprisonment within 15 years from the commencement of the instant offense, which he does not contest. ECF Nos. 186 ¶ 61; 205, Ex. 1. Second, the Court finds that Mr. Wynn served a term of imprisonment longer than 12 months because his Sentencing Order reflects a term of imprisonment of 13.5 months. ECF No. 205, Ex. 1. In addition, § 802(57) does not exclude time served in pretrial detention in a state facility from counting toward his sentence. Therefore, the Pennsylvania conviction is a qualifying predicate conviction that is properly included in the 851 Information.

Because both of Mr. Wynn's prior convictions constitute "serious drug felonies" under § 802(57) and are properly included in the 851 Information, Mr. Wynn's objections to the United States' 851 Information are overruled.

B.  **The Court Declines to Find a Breach of the Plea Agreement**

In its Motion, the United States contends that Mr. Wynn breached the plea agreement when he filed his Motion for Miscellaneous Relief and his Objection to the 851 Information. ECF No. 203 ¶¶ 6, 7. In these filings, as previously discussed, Mr. Wynn raises two objections to the 851 Information: first, he contends that he served less than a year in prison for the 2017 Pennsylvania conviction so it does not qualify as a serious drug offense; and second, because the 2005 Michigan conviction is so old, it "should not be held against him…" ECF No. 201. Mr. Wynn contends that these challenges do not breach the plea agreement because that agreement only expressly prohibits him from incurring new charges or from filing a "2255 or a 3782."[1] ECF No. 216 at 17:20–18:19; 38:15–39:11. And since he did not file these types of motions, nor was he charged with new

---

[1] The plea agreement does not include any reference to a § 3782. However, in the appellate and collateral attack waiver provisions at paragraph 11 of the agreement, Mr. Wynn expressly waives, *inter alia*, his right to file a motion to vacate sentence under 28 U.S.C. § 2255, and his right to take a direct appeal pursuant to 18 U.S.C. § 3742. ECF No. 177-1 ¶ A.11. Paragraph C.6 of the plea agreement includes a stipulation that Mr. Wynn will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission. *Id.* at ¶ C.2.

7

offenses, Mr. Wynn contends that he did not breach the plea agreement. *Id.* The United States, however, maintains that Mr. Wynn's filings at ECF Nos. 193 and 201 breached paragraph A.9 of the plea agreement, which acknowledges that the United States reserves the right to file an 851 Information; and paragraph C.5, in which Mr. Wynn stipulates to having a prior conviction for a serious drug felony. ECF Nos. 203 ¶ 7; 216 at 39:14–40:4. For the reasons set forth below, the Court declines to find that Mr. Wynn breached the plea agreement.

"'Plea agreements, although arising in the criminal context, are analyzed under contract law standards.'" *United States v. Williams*, 510 F.3d 416, 422 (3d Cir. 2007) (cleaned up). The analysis begins with "the plain meaning of the agreement itself." *Id.* at 425. "[B]ecause a defendant gives up multiple constitutional rights by entering into a plea agreement, courts must carefully scrutinize the agreement to insure [sic] that the government has fulfilled its promises." *Id.* at 422. Given "the government's tremendous bargaining power, courts will strictly construe the text against the government when it has drafted the agreement." *United States v. Floyd*, 428 F.3d 513, 516 (3d Cir. 2005) (cleaned up). Therefore, "any ambiguities in a plea agreement must be construed against the government." *Williams*, 510 F.3d at 422. But a "defendant should not be permitted 'to get the benefits of [his] plea bargain, while evading the costs . . .'" *United States v. Kang*, No. 21-2292, 2022 WL 4376072, at *2 (3d Cir. Sep. 22, 2022). So, where "a defendant stipulates to a point in a plea agreement, he 'is not in a position to make . . . arguments [to the contrary].'" *Williams*, 510 F.3d at 422. The government bears the burden of proving any breach by a preponderance of the evidence. *Id.*

Here, the parties stipulate that "[a]ny alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court." *Id.* Since the parties disagree as to whether a breach occurred, the Court is tasked with this determination. Starting with the plain

8

meaning of the text, the Court finds that the plea agreement does not define what constitutes a breach. ECF No. 177, Ex. 1. Instead, the parties merely state that the United States may be "released from its obligations under this agreement" if Mr. Wynn "breaches any term of this plea agreement." *Id.* ¶ C.10. Because the parties have failed to define this term, the Court finds that there is ambiguity as to what constitutes a breach.

The United States first contends that Mr. Wynn breached paragraph A.9 of the plea agreement by "challenging the § 851 Information," ECF No. 203 ¶ 7, but the plea agreement's plain language does not prohibit this conduct. Instead, the plea agreement states that "Darnell Wynn understands that the United States Attorney reserves the right to file an information, pursuant to 21 U.S.C. § 851, stating prior convictions as the basis for increased punishment." ECF No. 177, Ex. 1 ¶ A.9. This provision does not explicitly prevent Mr. Wynn from challenging any such filing. *Cf. Kang*, 2022 WL 4376072, at *1 (affirming defendant breached plea agreement when he argued for a departure from the parties' stipulated guideline range and plea agreement explicitly prohibited seeking such a departure). In contrast to paragraph A.9, other provisions in the parties' plea agreement do explicitly prohibit Mr. Wynn from filing certain motions or raising specific objections. *See, e.g.*, ECF No. 177, Ex. 1 ¶¶ A.10, A.11, B.1, C.6. Since the parties have not included such language in paragraph A.9, and strictly construing this text against the United States as it must, the Court declines to read into this provision of the plea agreement an explicit prohibition on objecting to the 851 Information.

The United States also asserts that Mr. Wynn breached the plea agreement because, in paragraph C.5, he stipulated to having "a prior conviction for a serious drug felony, as defined in 21 U.S.C. § 802(57)" but then raised objections to these prior convictions. ECF Nos. 203 ¶ 3; 216 at 39:21–40:4. This presents a closer question. Paragraph C.5 reads as follows:

> The parties stipulate that Darnell Wynn committed the offense in Count One of the Superseding Indictment after a prior conviction for a serious drug felony, as defined in 21 U.S.C. § 802(57), became final. This stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

ECF No. 177, Ex. 1. Based on the plain meaning of this provision, the Court finds that Mr. Wynn only stipulated to having at least one prior qualifying conviction because paragraph C.5 states he had "*a* prior conviction" as defined in § 802(57). *Id.* Mr. Wynn did not, however, expressly stipulate to multiple, or a certain number of, qualifying prior convictions. Therefore, strictly construing the text against the United States, Mr. Wynn does not violate this provision if he challenges only one of multiple prior convictions—so long as he acknowledges the existence of at least one prior qualifying conviction. Further, to the extent that this provision is ambiguous because it does not specify an exact number of prior convictions, such ambiguities are also construed against the drafter—here, the government. And although the United States seems to indicate that challenging even one prior conviction breaches this provision, *see* ECF No. 216 at 39:21–40:4, the Court finds that this interpretation does not align with the plain meaning of the text. Furthermore, paragraph C.5 does not expressly prohibit Mr. Wynn from raising a challenge to the existence of a predicate conviction, despite other provisions in the plea agreement expressly prohibiting certain types of objections. *See, e.g.*, ECF No. 177, Ex. 1 ¶¶ A.10, A.11, B.1, C.6. Therefore, based on the plain meaning of the paragraph C.5, the Court cannot say that this provision categorically bars any objection to a prior conviction.

      Here, strictly construing the text and resolving any ambiguities against the United States, the Court finds that Mr. Wynn did not breach paragraph C.5 because he is only challenging that

one prior conviction—not both—qualifies as a serious drug felony. Regarding the 2017 Pennsylvania conviction, the Court agrees that Mr. Wynn challenges that this conviction qualifies as a serious drug felony under § 802(57) because he maintains that he did not serve more than 12 months in prison. ECF No. 216 at 16:11–17:2. But, as noted above, challenging one of multiple prior convictions is not sufficient to breach the plea agreement.

And while Mr. Wynn does object to the Court considering the 2005 Michigan conviction on the basis that it is too remote in time to fairly increase his punishment, ECF No. 201 at 3, this argument does not contradict the stipulation in paragraph C.5 because Mr. Wynn is not contesting that this conviction qualifies as a serious drug felony under § 802(57). Indeed, at the hearing, both parties acknowledged that Mr. Wynn was not contesting the elements of a qualifying conviction under § 802(57). ECF No. 216 at 15:2–12, 26:20–27:8. Instead, Mr. Wynn's challenge to the Michigan conviction is on fairness grounds, something not explicitly prohibited in paragraph C.5 and not clearly contrary to the parties' stipulation.

Therefore, because the plea agreement does not define "breach," does not explicitly prohibit the filing of objections to the 851 Information, and does not stipulate that Mr. Wynn had two prior serious drug felonies—both the 2005 Michigan conviction and the 2017 Pennsylvania conviction—the Court declines to hold that Mr. Wynn breached the terms of the plea agreement.

### III. Conclusion

For the foregoing reasons, Mr. Wynn's Motion for Miscellaneous Relief, ECF No. 193; his Objection to 851 Enhancements, ECF No. 201; and the United States' Motion for Finding a Breach of Plea Agreement, ECF No. 203, are **DENIED**.

DATED this 29th day of May, 2024.

                                                BY THE COURT:


                                                /s/Christy Criswell Wiegand
                                                CHRISTY CRISWELL WIEGAND
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via U.S. mail):

Darnell Wynn
USMS 53084-509
Butler County Prison
202 S. Washington Street
Butler, PA 16001